## INCORPORATED TOWN OF SPIRO v. CARNALL, Town Treasurer, et al.

No. 8293—Opinion Filed July 8, 1919.

(Syllabus by the Court.)

**Municipal Corporations — Bonds — Evidence —Rights of Purchasers.**

Record examined, and held: (1) That the contract for the purchase of the bonds was properly admitted in evidence; (2) that the court below correctly construed this contract, and held that by its terms the purchasers of the bonds were entitled to the interest accruing between the date of the bonds and the dates of their delivery to the purchaser.

Error from District Court, LeFlore County; W. H. Brown, Judge.

Action by Incorporated Town of Spiro against J. D. Carnall, as Town Treasurer, and others. Verdict and judgment for defendants, and plaintiff brings error. Affirmed.

Tom W. Neal, for plaintiff in error.

J. B. McDonough and T. T. Varner, for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against J. D. Carnall, as town treasurer, and certain other persons who were the sureties on his official bond, as defendants, for the purpose of recovering the sum of $1,292.81, which sum represented the interest on certain waterworks and electric light bonds, accruing between the dates of their issuance, December 1, 1909, and the dates of their delivery to the purchasers thereof. Upon trial to a jury there was a verdict in favor of the defendants, on which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The assignments of error relied upon for reversal may be briefly summarized as follows:

(1) Error of the trial court in admitting in evidence, over the objection of the plaintiff, the purported contract between the incorporated town of Spiro and Speer and Dow, for the sale of the "waterworks" and "electric light" bonds of the town.

(2) Error of the trial court in giving certain instructions.

(3) Error of the trial court in refusing to give certain instructions requested by the plaintiff.

The petition alleges, in substance, that the defendant Carnall by virtue of his office received the bonds, which bore 6 per cent. interest, for the purpose of delivering them to Speer and Dow, the purchasers, and receiving the purchase price; that at the time said bonds were delivered to the treasurer the sale of the same had been contracted for by Speer and Dow, of Ft. Smith, Ark., for the sum and price of 98 cents on the dollar; that it then and there became and was the duty of said J. D. Carnall, as treasurer of the incorporated town of Spiro, to deliver said bonds to Speer and Dow only upon the payment to him, for the use of the incorporated town of Spiro, the full value of said bonds at 98 cents on the dollar; and it was then and there the duty of the said J. D. Carnall to retain the interest earned on the said bonds between the date of their issuance, to wit, December 1, 1909, and the dates of their delivery to Speer and Dow; that, disregarding his duty in this behalf, the defendant J. D. Carnall from time to time delivered said bonds to Speer and Dow at 98 cents on the dollar, and allowed said Speer and Dow to collect the interest which had accrued therein, prior to their delivery, which sum, in the aggregate, amounted to $1,292.81; that said defendant Carnall, because of his failure to perform his duty as hereinbefore set out, breached the terms of his bond as treasurer, and that by reason of this breach he and his sureties became liable for the sum prayed for.

The answer of the defendants in error, in addition to a general denial, set up a contract consisting of a bid in writing made by Speer and Dow and the acceptance thereof by the board of trustees of the town, and alleged that by the terms of this contract Speer and Dow were entitled to the accrued interest. This bid and its acceptance comprises the contract referred to in the first assignment of error, and the grounds urged

against its admission in evidence may be briefly stated as follows:

(1) Because the waterworks bonds did not run for the full period of 25 years.

(2) Because the contract was made with the board of trustees, and not with the town treasurer.

(3) Because no special bond of the town treasurer was executed and filed before the sale of the bonds was made.

These grounds for objecting to the introduction of the contract in evidence seem to us to be wholly without merit. They all question the validity of the bonds themselves, and as the action of the plaintiff was commenced and prosecuted on the theory that the bonds were valid and that the sale to Speer and Dow was regular in all respects, we do not feel called upon to pass upon their validity for the purpose of ruling on this question. The plaintiff in its petition alleged that the sale of the bonds was contracted for by Speer and Dow at Ft. Smith, Ark., but does not attempt to state the terms of the contract in detail, or whether the same was oral or written. There can be no doubt that the contract referred to in the petition of the plaintiff and the one set up in detail in the answer of the defendants and later introduced in evidence were one and the same contract.

As the only question in the case turns on whether Speer and Dow were entitled to the accrued interest by the terms of this contract, its admissibility in evidence seems obvious. And as it was admitted below that the bonds were delivered to Speer and Dow pursuant to the terms of this contract, there is nothing in the case for review except the pure question of law arising out of the construction placed upon this contract by the trial court. In these circumstances, assignments of error predicated upon the giving or the refusal to give instructions are wholly immaterial.

Although the case seems to have been submitted to the jury, the trial court correctly entertained the view that in the circumstances developed by the evidence it was his duty to construe the contract. This he did, and found as a matter of law that by the terms of the contract Speer and Dow were entitled to the accrued interest. This is clearly shown by one of the instructions given and objected to, which reads as follows:

"There was a written contract in this case, which is undisputed by both parties, whereby Speer and Dow, bond buyers, of Ft. Smith. Ark., were to purchase these bonds at 98 per cent. on the dollar. The contract clearly shows that they were to pay 98 per cent. of the $50,000. This controversy arises from the fact that there was some time elapsed between the date of the bonds and the time they were delivered, and it is being contended here, in substance and effect, that the town treasurer should have collected 98 per cent. of the face of the bonds that were due at the time of the delivery, but the undisputed contract, as I construe it, contemplates that they, Speer and Dow, should have these bonds with coupons attached, and of course that would allow them to collect the face of these coupons from the city."

As upon an examination of the contract we agree with the construction placed upon it by the trial court, nothing further remains to be said.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and RAINEY, HARRISON, and JOHNSON, JJ., concur.